UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DEE TRISKO,

    Plaintiff,

v.

KROPF FARMS, et al.,

    Defendants.

Case No. 3:18-cv-00302

Judge Eli J. Richardson
Magistrate Judge Alistair E. Newbern

To:     The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

This case addresses the question, not of why, but how 10,000 chickens crossed interstate roads. Pro se Plaintiff Dee Trisko alleges that Defendants Kropf Farms, Tony Kropf, John Kropf, and Bo Whitson (the Kropf defendants) and Progressive Specialty Insurance Agency, Inc. (Progressive), United Financial Insurance Agency, Inc. (United Financial), and CT Corporations Systems (CT Corporation) delivered thousands of chickens to her that were sick or dead after a cold and rainy trip in cramped conditions from Arkansas to Tennessee. (Doc. No. 1.) Now before the Court are motions to dismiss filed by the Kropf defendants and by Movant United Financial Casualty Company (UFCC) on behalf of Defendants Progressive and United Financial. (Doc. Nos. 14, 16.) Trisko has responded in opposition. (Doc. No. 20.) For the reasons that follow, the Magistrate Judge will recommend that the Court (1) grant in part and deny in part the Kropf defendants' motion to dismiss; and (2) find that UFCC is not a party to this action and deny its motion without prejudice on that basis.

## I. Factual and Procedural Background[1]

On February 10, 2018, Dee Trisko received a delivery of 10,400 chickens—more than 9,000 of them deceased—at her property in Portland, Tennessee. (Doc. No. 1.) Tony and John Kropf had falsely told Trisko that their business, Kropf Farms, was "NPIP certified" and had "proper USDA licensing to cross state lines with chickens."[2] (*Id.* at PageID# 3) Trisko later discovered that Kropf Farms is licensed to drive only within Arkansas and that Tony and John Kropf "did not get health certificate paperwork or certifications to cross state lines" with the chickens. (*Id.*)

Bo Whitson had driven the chicken truck on a more-than-fourteen-hour journey to Tennessee from Lamar, Arkansas. (*Id.*) The thousands of chickens were packed into just twenty cages with no food or water and no protective covering. (*Id.*) It rained for the entire drive, and Whitson took only back roads, not stopping at any weigh stations and not keeping any logs. (*Id.*) At one point, Whitson "was stuck at [a] gas station for over 4 hours because he had no gas" and his "credit cards [were] declined." (*Id.* at PageID# 10.) Tony Kropf told Trisko to pay $200.00 for gas so that Whitson could finish the drive. (*Id.*)

Tony Kropf had promised Trisko that she would only have to pay for live chickens and that he would take back any chickens that did not survive the journey. (Doc. No. 1.) After Whitson arrived, Trisko paid him $6,900.00 in cash and had him sign a receipt. (*Id.*) Whitson then told Trisko that "he was going to move [the truck] out of the road due to oncoming traffic and come back to help collect the dead" chickens. (*Id.* at PageID# 3.) Instead, he "r[an] away and [left Trisko]

---

[1] The facts in this section are drawn from Trisko's complaint (Doc. No. 1) and taken as true for purposes of considering the pending motions to dismiss.

[2] "NPIP" is an abbreviation for "the National Poultry Improvement Plan[.]" (Doc. No. 20, PageID# 83.)

with the dead" birds. (*Id.* at PageID# 7.) He then called "[People for the Ethical Treatment of Animals] and the police department to try to have [Trisko] and [her] husband put into jail for animal cruelty . . . ." (*Id.* at PageID# 4.)

Trisko filed a pro se complaint against the Kropf defendants, Progressive, United Financial, and CT Corporation on March 22, 2018, alleging fraud and negligence based on the facts described above. (Doc. No. 1.) Trisko also states that "Progressive Insurance has been made aware of the violations and fail[ed] to do anything about the matter, so they have acquiesced to the fraud and deception . . . ." (*Id.* at PageID# 3.) She seeks "$76,000 for punitive damages, clean up of [the] birds, pain and suffering and untold gross trauma, all court cost[s], attorney fees and filings[,]" and reimbursement for "[a]ny state fines imposed . . . ." (*Id.* at PageID# 10.) The complaint also mentions several federal and state statutes and regulations that Trisko believes the defendants have violated.[3] (Doc. No. 1.)

On April 25, 2018, the Kropf defendants moved to dismiss Trisko's complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6).[4] (Doc. Nos. 14, 14-1.) They argue that Trisko has failed to allege diversity jurisdiction under 28 U.S.C. § 1332, and that "all of [Trisko's] substantive claims . . . are based upon rules and statutes for which no private rights of action exist." (Doc. No. 14-1, PageID# 56.) Trisko responds that diversity jurisdiction is properly invoked because she resides in Tennessee and the defendants all reside in either Arkansas or Ohio and because the amount in

---

[3] These include 18 U.S.C. §§ 241 and 242; 9 C.F.R. §§ 71.16, 71.17, 77.2, 89.3, 89.4, and 89.5; 49 C.F.R. § 395.32; and Tenn. Code Ann. § 39-14-202.

[4] The Court had previously granted these defendants an extension of time to respond to Trisko's complaint. (Doc. No. 13.)

controversy exceeds $75,000. (Doc. No. 20.) She also argues that she has "allege[d] causes of action for fraud[] and breach of contract." (*Id.* at PageID# 78.)

On April 30, 2018, UFCC filed a corporate disclosure statement and a motion to dismiss Trisko's claims against Progressive and United Financial. (Doc. Nos. 15, 16.) The corporate disclosure statement explains that UFCC "is not aware of any corporate entities existing under the names [Progressive or United Financial] as stated in the Complaint, but believes they may be misnomers for [UFCC,]" which is owned by "The Progressive Corporation." (Doc. No. 15, PageID# 64.) UFCC argues in its motion to dismiss that Trisko has failed to state claims against Progressive or United Financial under Rule 12(b)(6) because her complaint includes insufficient facts about their alleged roles and because Tennessee law generally prohibits direct actions against a defendant's insurance carrier. (Doc. No. 16-1, PageID# 70.) UFCC also notes that Trisko has not caused a summons to be issued for either Progressive or United Financial and that neither of those defendants appears to have been served. (Doc. No. 16-1.) In response, Trisko states that "Matthew[ ]K[ ]Rolfes at Progressive . . . admitted that his client is in the wrong and should pay for the damages" and argues that "Progressive has now deliberately tried to prevent this lawsuit and conspire against [Trisko] in order not to have to pay out [these] claims . . . ." (Doc. No. 20, PageID# 83.) She also argues that her complaint "has detailed enough factual allegations" against all of the defendants to proceed. (*Id.* at PageID# 81.)

**II.     Legal Standard**

    **A.     Federal Rule of Civil Procedure 12(b)(1)**

Federal courts are courts of limited subject-matter jurisdiction and can adjudicate only those claims authorized by the Constitution or an act of Congress. *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012). Article III of the Constitution extends the federal judicial power "to all Cases, in Law and Equity, arising under this Constitution [and] the Laws of

4

the United States," and several other categories of cases not at issue here.[5] U.S. Const. art. III, § 2, cl. 1. Congress has also granted federal courts diversity jurisdiction over civil actions in which the parties are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Whether the Court has subject-matter jurisdiction is a "threshold" question in any action. *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). This reflects the fundamental principle that "'[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

The party asserting jurisdiction bears the burden of establishing that subject-matter jurisdiction exists. *Ammons v. Ally Fin., Inc.*, 305 F. Supp. 3d 818, 820 (M.D. Tenn. 2018). A motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). A facial attack challenges the sufficiency of the pleading and, like a motion under Rule 12(b)(6), requires the Court to take all factual allegations in the pleading as true. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816–17 (6th Cir. 2017) (quoting *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). A factual attack challenges the allegations supporting jurisdiction, raising "a factual controversy requiring the district court to 'weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist.'" *Id.* at 817 (quoting *Gentek Bldg. Prods., Inc.*, 491 F.3d at 330). District courts reviewing factual attacks have "wide discretion to allow affidavits,

---

[5] For example, cases involving ambassadors, public ministers, and consuls and cases between two states or in which the United States is a party. U.S. Const. art. III, § 2, cl. 1.

documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

### B. Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle [her to] relief." *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014) (quoting *Aho v. Cleveland-Cliffs, Inc.*, 219 F. App'x 419, 422 (6th Cir. 2007)). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A plaintiff must plead more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Trisko proceeds pro se, the Court construes her filings "liberally" and holds her complaint "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**III.     Analysis**

    **A.     The Kropf Defendants' Motion to Dismiss**

        **1.     Diversity Jurisdiction**

The Kropf defendants attack the facial sufficiency of Trisko's allegations regarding diversity jurisdiction, arguing that Trisko's complaint "makes the conclusory assertion that her action is based on the Court's diversity jurisdiction" but fails to "explain who the diverse parties are or what makes them diverse." (Doc. No. 14-1, PageID# 58.) The Kropf defendants are correct that the complaint does not specifically allege the citizenship of each party. (Doc. No. 1.) However, Trisko's response in opposition supplies these missing details, stating that "none of the defendants reside[s] in the state of Tennessee." (Doc. No. 20, PageID# 79.) Specifically, Trisko states that

> John Kropf[ ] resides in Lamar[,] Arkansas, so does Tony Kropf along with Bo Rowdy Whitson . . . . Progressive Specialty Insurance Agency Inc. resides in Mayfield[,] Ohio, [and] United Financial Insurance Agency resides in Ohio, as well . . . .

(*Id.*) The Kropf defendants have not contested these additional allegations or argued that they are insufficient to establish diversity jurisdiction.

While these facts do not appear in Trisko's complaint itself, they are properly included in this Court's analysis of the pending motion to dismiss because Trisko could move to amend her complaint to include them. *See Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999) (holding that the district court should have "read all of [plaintiff's] filings together before dismissing [the] case"); *Harding v. Davidson Cty. Sheriff's Office*, No. 3:13-cv-0449, 2013 WL 5774937, at *3 (M.D. Tenn. Oct. 25, 2013) (rejecting argument that "factual allegations made in [a pro se] plaintiff's response in opposition to [a] motion to dismiss" should not be considered in ruling on the motion to dismiss).

Considering all of her filings together, Trisko has sufficiently alleged diversity of citizenship, and the Kropf defendants' arguments for dismissal under Rule 12(b)(1) should be denied.

### 2. Trisko's Claims

The Kropf defendants' primary argument in favor of dismissal under Rule 12(b)(6) is that "all of [Trisko's] substantive claims . . . are based upon rules and statutes for which no private rights of action exist." (Doc. No. 14-1, PageID# 56.) Specifically, they argue that 18 U.S.C. §§ 241 and 242 are criminal statutes that do not create private rights of action for their violation, that Congress has not created private rights of action for any of the federal regulations Trisko cites in her complaint, and that there is no private right of action for violation of Tennessee Code Annotated § 39-14-202, which is Tennessee's animal cruelty statute. (Doc. No. 14-1.) Trisko's response in opposition does not appear to contest these arguments. Instead, she clarifies that she "allege[s] causes of action for fraud[ ] and breach of contract" (Doc. No. 20, PageID# 78)—claims that do not depend on the cited statutes and regulations—and that the "animal cruelty violations are not private rights of action but facts" offered in support of her other claims (*id.* at PageID# 84).

The Kropf defendants are correct that there is no basis on which to find that the various statutes and regulations cited in the complaint create private rights of action. *See, e.g.*, *Moriani v. Hunter*, 462 F. Supp. 353, 355 (S.D.N.Y. 1978) (finding that "18 U.S.C. §§ 241 [and] 242 are criminal statutes, which do not create private rights of action for their violation"). In any event, Trisko's response suggests that she has abandoned any claims based on the statutes and regulations included in her complaint. The Kropf defendants' motion to dismiss should be granted in part to the extent that Trisko's complaint may be construed to assert claims under those statutes and regulations.

Trisko's state common-law claims require a different conclusion. Trisko's complaint includes four headings that appear to designate state common-law claims for "proof of gross negligence," "fraud & negligence," "fraud & deception," and "deception & negligence[.]" (Doc. No. 1.) The Kropf defendants argue that, while Trisko's complaint "uses multiple headings that include terms such as negligence, fraud, and deception . . . none of the allegations stated beneath those headings have anything to do with those subjects." (Doc. No. 14-1, PageID# 59.) This argument fails for two reasons.

First, reading individual sections of the complaint in isolation overlooks the Court's obligation to construe Trisko's pro se complaint liberally. *See Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (holding that "appropriate liberal construction requires active interpretation in some cases to construe a pro se [pleading] 'to encompass any allegation stating . . . relief'" (quoting *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir. 1976))). Second, the complaint contains numerous factual allegations relevant to claims sounding in negligence and fraud, including, for example, that the Kropf defendants lied about their licenses and certifications and transported more than 10,000 chickens in hazardous and inhumane conditions. *See, e.g.*, *Grant v. Tucker*, 57 F. Supp. 3d 852, 858 (M.D. Tenn. 2014) (discussing elements of causes of actions for deceit and fraud under Tennessee common law). Further, the Kropf defendants have made no attempt to develop their argument that Trisko has failed to state any other claims for relief under state law. They simply assert without supporting legal authority that Trisko "has failed to identify, describe, or allege the essential elements of any cause of action or how the facts alleged would constitute a corresponding violation." (Doc. No. 14-1, PageID# 59.) This perfunctory argument cannot support a motion to dismiss under Rule 12(b)(6). As the Sixth Circuit explained in *United States v. Fowler*, "[i]t is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put

flesh on its bones." 819 F.3d 298, 309 (6th Cir. 2016) (alteration in original) (quoting *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009)); *see also Kenyon v. Clare*, No. 3:16-cv-00191, 2016 WL 6995661, at *5 (M.D. Tenn. Nov. 29, 2016) (denying in part defendant's 12(b)(6) motion on the basis that it lacked legal analysis). The Court should therefore deny in part the Kropf defendants' motion to dismiss with respect to Trisko's state common-law claims.[6]

### B. UFCC's Motion to Dismiss on Behalf of Progressive and United Financial

UFCC is not a party to this action. Trisko did not name UFCC as a defendant in this case, and UFCC has not filed a motion to intervene under Federal Rule of Civil Procedure 24. Fed. R. Civ. P. 24. While UFCC has filed a corporate disclosure statement stating that it "is not aware of any corporate entities existing under the names [Progressive or United Financial] as stated in the Complaint, but believes they may be misnomers for [UFCC,]" it has not pointed to any authority supporting its right to appear and litigate on behalf of named defendants. (Doc. No. 15, PageID# 64.) UFCC's motion to dismiss Trisko's claims against Progressive and United Financial should be denied on that basis. *Cf. Coal. to Defend Affirmative Action v. Granholm*, 240 F.R.D. 368, 377 (E.D. Mich. 2006) (striking motion to dismiss filed by proposed intervenor because "it was not filed by a proper party to the case"). The Magistrate Judge will address Trisko's failure to serve Progressive and United Financial in compliance with Rule 4 by separate order.

### IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that the Court:

1. GRANT IN PART the Kropf defendants' motion to dismiss (Doc. No. 14) with respect to any claims based on the statutes and regulations mentioned

---

[6] The Magistrate Judge notes that, because Trisko is not appearing *in forma pauperis*, the Court does not have an independent obligation to ensure that her complaint states claims for which relief can be granted. *See* 28 U.S.C. § 1915(e)(2). The only question before the Court is whether the defendants have shown that they are entitled to dismissal under Rule 12(b)(6).

in the complaint and DENY IN PART the motion to dismiss with respect to any state common-law claims; and

2. FIND that United Financial Casualty Company is not a party to this action and may not move for dismissal on behalf of Progressive Specialty Insurance Agency, Inc. or United Financial Insurance Agency, Inc. and DENY WITHOUT PREJUDICE United Financial Casualty Company's motion to dismiss (Doc. No. 16) on that basis.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 31st day of July, 2019.

ALISTAIR E. NEWBERN
United States Magistrate Judge