UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEE TRISKO,<br><br>    Plaintiff,<br><br>v.<br><br>KROPF FARMS, et al.,<br><br>    Defendants. | Case No. 3:18-cv-00302<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM AND ORDER TO SHOW CAUSE

The record in this action suggests that pro se Plaintiff Dee Trisko has not yet served Defendants Progressive Specialty Insurance Agency, Inc. (Progressive), United Financial Insurance Agency, Inc. (United Financial), and CT Corporations Systems (CT Corporation) in accordance with Federal Rule of Civil Procedure 4. (Doc. Nos. 2, 6.) On March 22, 2018, at Trisko's request, the Court issued a summons to CT Corporation. (Doc. No. 2.) It does not appear that Trisko requested a summons to Progressive or United Financial, and the Court has not issued any summonses addressed to them. (*Id.*) On April 3, 2018, Trisko filed a U.S. Mail return receipt for a piece of mail addressed to CT Corporation in Knoxville, Tennessee. (Doc. No. 6.) An otherwise-unidentified person named Samantha Sutton signed the receipt on March 26, 2018. (*Id.*) Trisko also filed a blank proof-of-service affidavit. (*Id.*)

Federal Rule of Civil Procedure 4(c) requires that "[a] summons must be served with a copy of the complaint . . . within the time allowed by Rule 4(m)" by a "person who is at least 18 years old and not a party" to the action. Fed. R. Civ. P. 4(c)(1)–(2). "The plaintiff is responsible for having the summons and complaint served . . . and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Rule 4(l) requires that, "[u]nless service is

waived," and "[e]xcept for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l). Rule 4(m) provides that a plaintiff has "90 days after the complaint is filed" to effect service on all defendants. Fed. R. Civ. P. 4(m). If a defendant is not served within that timeframe, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. *Id.*; Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment; *see also Henderson v. United States*, 517 U.S. 654, 662 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011).

More than a year has passed since Trisko filed this action, and there is no indication that she has served either Progressive or United Financial. Trisko also has not filed the required server's affidavit to prove service on CT Corporation. While "[f]ailure to prove service does not affect the validity of service[,]" it is not clear that Trisko has actually served CT Corporation in compliance with applicable rules. Fed. R. Civ. P. 4(l)(3).

Rule 4(h) provides two acceptable methods for serving corporate defendants like CT Corporation. First, Rule 4(h) provides that service on a domestic or foreign corporation in a United States judicial district may be accomplished

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Fed. R. Civ. P. 4(h)(1)(B). Courts interpreting this rule have held that "delivery means personal delivery, not service by mail." *Cunningham v. Select Student Loan Help, LLC*, No. 3:15-cv-00554, 2016 WL 7368595, at *3 (M.D. Tenn. Dec. 20, 2016), *report and recommendation adopted by*

2

2017 WL 10399393 (M.D. Tenn. May 25, 2017). Here, there is no indication that Trisko caused a copy of the summons and complaint to be personally delivered to an authorized individual. Rule 4(h)(1)(B) is therefore not satisfied. The second method of service under Rule 4(h) allows for service of a corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual . . . ." Fed. R. Civ. P. 4(h)(1)(A). That method of service involves "following state law for serving a summons . . . in the state where the district court is located or where service is made . . . ." Fed. R. Civ. P. 4(e)(1). Accordingly, in this action, Trisko may serve CT Corporation in accordance with Tennessee law.

The Tennessee Rules of Civil Procedure allow for service of a corporation by mail in certain circumstances, but it is not clear that those circumstances are satisfied here. *See* Tenn. R. Civ. P. 4.04(10) (authorizing service by mail under certain circumstances). For example, Tennessee Rule of Civil Procedure 4.03(2) requires any party attempting service by mail to file with the clerk "the original summons, endorsed as below; an affidavit of the person making service setting forth the person's compliance with the requirements of this rule; and[] the return receipt . . . ." Tenn. R. Civ. P. 4.03(2). Trisko has not filed an affidavit regarding service. Moreover, Tennessee Rule 4.03(2) provides that service by mail is only complete "[i]f the return receipt is signed by the defendant, or by a person designated by Rule 4.04 or by statute . . . ." *Id.*; *see also Hall v. Haynes*, 319 S.W.3d 564, 577 (Tenn. 2010) (discussing "Rule 4.03's explicit restriction of who[] may sign the return receipt"). There is no indication that Samantha Sutton is designated to receive service of process for CT Corporation under either Tennessee Rule 4.04 or by statute. Trisko therefore has not shown that she served CT Corporation in compliance with Tennessee law.

Accordingly, Trisko is ORDERED TO SHOW CAUSE by August 21, 2019, why her claims against Progressive, United Financial, and CT Corporation should not be dismissed for

3

failure to effect service under Rule 4(m). Trisko is warned that failure to respond to this Order will likely result in a recommendation that her claims against these defendants be dismissed.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge