IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DEE TRISKO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:18-cv-00302 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| KROPF FARMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION & ORDER**

On July 31, 2019, Magistrate Judge Newbern issued a Report and Recommendation ("R&R") (Doc. No. 22), recommending denial in part of Defendants John Kropf, Tony Kropf, Kropf Farms, and Bo Whitson's (collectively "the Kropf Defendants") Motion to Dismiss (Doc. No. 14) and denial without prejudice of United Financial Casualty Company's Motion to Dismiss (Doc. No. 16). Plaintiff and the Kropf Defendants, respectively, filed timely Objections (Doc. Nos. 24 and 26). For the following reasons, Plaintiff and Defendants' Objections will be overruled.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(1); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). Objections must be specific; a general objection to the report and recommendation is not sufficient and may result in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). In conducting its review of the objections, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The district court is not required to review—under a *de*

*novo* or any other standard— those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id*. at 151.

The Magistrate Judge recommended granting in part and denying in part the Kropf Defendants' Motion to Dismiss. (Doc. No. 22 at 10). Specifically, she recommended dismissing, pursuant to Federal Rule of Civil Procedure 12(b)(6), any claims based on the statutes and regulations mentioned in Plaintiff's complaint. (*Id*.). She further recommended denial of the Kropf Defendants' motion with respect to Plaintiff's state common-law claims. (*Id*. at 11). Additionally, the Magistrate Judge recommended denying without prejudice United Financial Casualty Company's Motion to Dismiss because United Financial Casualty Company is not a party to this action and may not move for dismissal on behalf of Progressive Specialty Insurance Agency, Inc. or United Financial Insurance Agency, Inc. (*Id*.). The Court will address Plaintiff and the Kropf Defendant's Objections in turn.

I.  **Plaintiff's Objections**

The Magistrate Judge recommended dismissal of Plaintiff's claims that were based upon statutes that did "not create private rights of action for their violation." (Doc. No. 22 at 8). In her Objection, Plaintiff does not object to this finding, but instead attempts to clarify that she did not intend to assert claims against Defendants under these statutes. (Doc. No. 24 at 3). Therefore, the Court will accept the recommendation of the Magistrate Judge and dismiss any cause of action relating to the statutes and regulations referenced in Plaintiff's Complaint (*i.e.*, 18 U.S.C. §§ 241 and 242 as well as Tenn. Code Ann. § 39-14-202) to the extent that Plaintiff's Complaint may be construed as asserting claims under those statutes and regulations.

Plaintiff also asserts, as one of her "Objections to the Reported Recommendations," that "United Financial Casualty Company has no right to ask for a dismissal because they are not the direct insurance carrier for Kropf Farms." (Doc. No. 24 at 1). Plaintiff does not elaborate on her point. If Plaintiff's assertion truly is an objection to the Magistrate Judge's recommendation, it could only be an objection to the Magistrate Judge's recommendation that the Court deny United Financial Casualty Company's Motion to Dismiss because United Financial Casualty Company is not a party to this lawsuit.[1] Any such objection is overruled. *See Cf. Coal. to Defend Affirmative Action v. Granholm*, 240 F.R.D. 368, 377 (E.D. Mich. 2006) (striking motion to dismiss filed by proposed intervenor because "it was not filed by a proper party to the case"). The Court will not entertain pleadings or motions from parties that are not properly before this Court. Accordingly, to the extent that Plaintiff is objecting to this aspect of the Report and Recommendation,[2] that objection is overruled, and it will be adopted.

**II. The Kropf Defendants' Objection**

The Kropf Defendants object to the Magistrate Judge's conclusion that the Kropf Defendants "simply assert without supporting legal authority that [Plaintiff] 'has failed to identify, describe, or allege the essential elements of any cause of action or how the facts alleged would constitute a corresponding violation.'" (Doc. No. 22 at 9 (citing Doc. No. 14-1 at 4)). The Kropf Defendants contend that this conclusion ignores the following paragraph included in their Motion to Dismiss:

> The terms negligence, fraud, and deception used simply as headings throughout the Complaint are meaningless unless tethered to sufficient allegations

---

[1] The Court realizes that such an objection well might be against Plaintiff's interest and thus not likely what she intended. But her objection here could not possibly be referring to any other actual recommendation of the Magistrate Judge.

[2] The Court notes that no other party, or United Financial Casualty Company, purported to object to this aspect of the Report and Recommendation.

> of fact and relevant statements of law. Again, the Plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action," but, instead, must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679; *Twombly* [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)]. This is not one of those complaints.

(Doc. No. 26 at 1-2 (citing Doc. No. 14-1 at 6)). The Kropf Defendants argue that the "[t]he reason for the lack of further factual or legal analysis under the *Twombly* standard is that there is nothing more in the Plaintiff's Complaint to be analyzed." (*Id*. at 2). They contend that "[t]o force the Kropf Defendants to try to develop a cogent theory against them based on the Plaintiff's Complaint as written is putting the cart before the horse and forcing the Kropf Defendants to become their own worst enemy." (*Id*.). In other words, the Kropf Defendants protest that they should not be required to set up Plaintiff's argument in order to knock it down, but rather should prevail based on Plaintiff's failure to set up her own argument via sufficient allegations.

In order to survive a motion to dismiss under Rule 12(b)(6), a party must "plead enough factual matter to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court may grant a motion to dismiss "only if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677-79). Moreover, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97,

106 (1976)). When analyzing a motion to dismiss pursuant to Rule 12(b)(6), "*[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief.*" *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)) (emphasis added).

With the above standards in mind, the Court finds upon *de novo* review that the Kropf Defendants have not met their burden of showing that Plaintiff has failed to state a claim for relief. As noted, the Kropf Defendants defend the skeletal argument presented in their Motion to Dismiss by asserting that "there is nothing more in [] Plaintiff's Complaint to be analyzed." (Doc. No. 36 at 2). The Court disagrees, however, as a review of Plaintiff's Complaint (especially at pages 3-4) reveals numerous factual allegations relevant to claims sounding in negligence and fraud—factual allegations that the Supreme Court has instructed must be reviewed liberally.[3] *Erickson*, 551 U.S. at 94; *see also Wynn v. Mid Michigan Cmty. Coll.*, No. 17-CV-14196, 2019 WL 415011, at *3 (E.D. Mich. Feb. 1, 2019) ("Defendant's one paragraph argument under rule 12(c) is not adequately developed. . . . Defendant cites no cases addressing the sufficiency of the allegations in a race discrimination case. Indeed, the only citation offered is to *Iqbal* for the generally applicable plausibility standard. The motion will not be addressed on the merits as the 12(c) argument has been waived." (citing *United States v. Fowler*, 819 F.3d 298, 309 (6th Cir. 2016)). Plaintiff's Complaint may not be artfully drafted, but it certainly sets forth particular facts from which negligence and fraud may be inferred. It is objectively discernible what, according to Plaintiff, the Kropf Defendants did negligently or fraudulently and thereby injured Plaintiff. Accordingly, the Court accepts the Magistrate Judge's conclusion that the Kropf Defendant's

---

[3] The Kropf Defendants could have argued for a higher pleading standard under Fed. R. Civ. P. 9(b) with respect to Plaintiff's fraud claims. They did not do so, however, and the Court declines to construct this argument for them.

"perfunctory argument cannot support a motion to dismiss under Rule 12(b)(6)." Therefore, the Court overrules the Kropf Defendants' Objection to the R&R. (Doc. No. 26).

For the aforementioned reasons, the Court **ADOPTS** and **APPROVES** the R&R (Doc. No. 22). The Kropf Defendants' Motion to Dismiss (Doc. No. 14) is hereby **DENIED** in part and **GRANTED** in part and United Financial Casualty Company's Motion to Dismiss (Doc. No. 16) is hereby **DENIED** without prejudice.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE