UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEE TRISKO,<br><br>    Plaintiff,<br><br>v.<br><br>KROPF FARMS, et al.,<br><br>    Defendants. | Case No. 3:18-cv-00302<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To: The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

On August 1, 2019, this Court ordered pro se Plaintiff Dee Trisko to show cause why her claims against Defendants Progressive Specialty Insurance, Inc. (Progressive), United Financial Insurance Agency, Inc. (United Financial), and CT Corporation Systems (CT Corporation) should not be dismissed for failure to effect service of process in compliance with Federal Rule of Civil Procedure 4. (Doc. No. 23.) Trisko has responded, stating that she attempted to serve Progressive, United Financial, and CT Corporation and attaching unsigned summonses addressed to each. (Doc. No. 25.) She also filed a notice stating that counsel for the individual defendants in this action have repeatedly "reject[ed] paperwork sent . . . by Certified USPS mail." (Doc. No. 27, PageID# 121.) For the reasons that follow, the Magistrate Judge will recommend that the Court dismiss Trisko's claims against Progressive, United Financial, and CT Corporation without prejudice under Federal Rule of Civil Procedure 4(m).

### I. Factual and Procedural Background

The factual background for this action is explained at length in the report and recommendation issued on August 1, 2019. (Doc. No. 22.) Trisko initiated this action on March

22, 2018, filing a complaint that named Progressive, United Financial, and CT Corporation as defendants along with Defendants Kropf Farms, Tony Kropf, John Kropf, and Bo Whitson in her dispute regarding the delivery of thousands of sick and dead chickens. (Doc. No. 1.) The Court issued a summons as to CT Corporation on March 22, 2018, at Trisko's request. (Doc. No. 2.) It does not appear that Trisko ever asked the Court to issue a summons addressed to Progressive or United Financial, and the Court has not done so.[1] On April 3, 2018, Trisko filed a U.S. Mail return receipt for a piece of mail addressed to CT Corporation in Knoxville, Tennessee; an otherwise-unidentified person named Samantha Sutton signed that receipt on March 26, 2018. (Doc. No. 6.) Trisko also filed a blank proof-of-service affidavit. (*Id.*)

In a memorandum opinion and order to show cause issued on August 1, 2019, the Magistrate Judge found that Trisko had not obtained summonses for or attempted to serve Progressive or United Financial and, with respect to her attempt to serve CT Corporation, had not filed the required server's affidavit under Rule 4(l)(1) or shown that her service attempt complied with Rule 4(h)(1). (Doc. No. 23.) The Magistrate Judge further explained that the time for service under Rule 4(m) had passed and that, absent a showing of good cause or sufficient explanation, Trisko's claims against the unserved defendants would be dismissed. (*Id.*) Trisko responded that she "was instructed by [the] Tennessee Secretary of State Business Search division that the registered agent [for Progressive and United Financial] was CT Corporation in Knoxville, Tennessee" and states that, "to the best of [her] knowledge[,]" she "did serve Progressive . . . and United Financial, on March 22, 2018 . . . ." (Doc. No. 25, PageID# 109.)

---

[1] The unsigned summonses addressed to Progressive and United Financial and attached to Trisko's response to the Court's show cause order were not issued by the Court. (Doc. Nos. 25-2, 25-3.)

2

## II.     Legal Standard

"[T]he requirement of proper service of process 'is not some mindless technicality,'" *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Developer Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United States*, 517 U.S. 654, 662 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Absent either showing, the language of Rule 4(m) mandates

3

dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). It is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

**III.      Analysis**

This action has been pending for more than a year without proper service of process on Defendants Progressive, United Financial, and CT Corporation. Trisko never obtained a summons for Progressive or United Financial and therefore has not fulfilled her obligation, under Rule 4(c), to "hav[e] the summons and complaint served" on these defendants. Fed. R. Civ. P. 4(c)(1). As previously explained, Trisko has not shown that the summons she obtained for CT Corporation was served in accordance with Rule 4(h)(1) because she has not shown that the return receipt she filed satisfies applicable Tennessee rules for service by mail. (Doc. No. 23.) Further, she has not filed a server's affidavit as required by Rule 4(l)(1). (*Id.*)

Trisko's response to this Court's order to show does not excuse these failures. While Trisko may well have believed that her attempt to mail a summons to CT Corporation was sufficient to serve all three of the above named defendants, that belief was mistaken. The fact that Trisko, who is proceeding pro se, may be unfamiliar with the rules governing service of process does not excuse her from complying with those rules in this action. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *see also Harris v. Cornett*, No. Civ.A. 6:05-520, 2006 WL 751240, at *1 (E.D. Ky. Mar. 20, 2006) (explaining that "pro se status is not an excuse for failure to understand the Federal Rules of Civil Procedure and to comply with the procedural requirements relating to service of the summons and complaint").

Moreover, the Magistrate Judge's prior order explained the applicable rules in great detail, providing Trisko with notice and an opportunity to complete service in compliance with those rules. Trisko has not done so. Because Trisko has not served Defendants Progressive, United Financial, and CT Corporation in compliance with Rule 4 despite ample time to do so and notice that failure might result in dismissal, dismissal without prejudice under Rule 4(m) is appropriate.

**IV.    Recommendation**

For these reasons, the Magistrate Judge RECOMMENDS that Trisko's claims against Defendants Progressive Specialty Insurance, Inc., United Financial Insurance Agency, Inc., and CT Corporation Systems be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 4(m).

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 10th day of September, 2019.

*[signature]*
ALISTAIR E. NEWBERN
United States Magistrate Judge